Kelly Shaw
Wyo. Bar No. 7-5624
Travis W. Koch
Wyo. Bar No. 7-5418
KOCH LAW. P.C.
121 W. Carlson St. Suite 3
Cheyenne, WY 82009
(307) 426-5010
kshaw@kochlawpc.com
tkoch@kochlawpc.com

-and-

George A. Barton (to be admitted PHV)
Seth K. Jones (to be admitted PHV)
BARTON AND BURROWS, LLC
5201 Johnson Drive, Ste. 110
Mission, KS 66205
(913) 563-6250
George@bartonburrows.com
Seth@bartonburrows.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WYOMING**

| | |
|---|---|
| Gregg B. Colton, on behalf of himself and a class of similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> Carbon Creek Energy, LLC, <br><br> Defendant. | Civil Action No. _____ |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Gregg B. Colton ("Colton" or "Plaintiff"), on behalf of himself and the Class defined below, for his Class Action Complaint against Carbon Creek Energy, LLC ("Defendant" or "Carbon Creek"), alleges:

# SUMMARY

1. This class action concerns Carbon Creek's past and continuing violations of Wyoming's Royalty Payment Act, Wyo. Stat. Ann. § 30-5-301 *et seq*., based upon Carbon Creek's failure to pay statutory interest on untimely, or "late," payments derived from the sale of oil and gas production to those legally entitled to such proceeds, as required pursuant to Wyo. Stat. Ann. § 30-5-303.

2. Wyo. Stat. Ann. § 30-5-301 requires oil and gas operators to pay all persons entitled to such payments within six months after the first day of the month following the date of the first sale from any well which produces oil, gas, or related hydrocarbons within the State of Wyoming. After this six-month grace period, oil and gas operators are required to pay royalties or other interest payments to all persons entitled to such payments within 60 days after the end of the calendar month in which subsequent production is sold from wells located in the State of Wyoming. Wyo. Stat. Ann. § 30-5-301.

3. If an operator fails to meet this statutory deadline in its payment of proceeds, Wyoming law requires the operator to pay the person or entity legally entitled to such proceeds statutory interest at a rate of eighteen percent per annum. Wyo. Stat. Ann. § 30-5-303.

4. At various times since July 12, 2014, Carbon Creek has failed to make payments to Colton and the members of the defined Class within the applicable statutory deadlines. When Carbon Creek has made such late payments, Carbon Creek has failed to pay Colton and the Class members the eighteen percent per annum statutory interest on the late payments related to oil, gas, and related hydrocarbons produced by Carbon Creek, and sold to purchasers of oil, gas, and related hydrocarbons.

5. Colton brings this class action to recover damages on behalf of himself and a defined Class of all similarly situated owners who have received late payments from Carbon Creek on Wyoming production which have not included the statutory interest required pursuant to Wyo. Stat. Ann. § 30-5-303.

## PARTIES

6. Colton is a citizen and resident of the State of Utah, who resides at 65 South Pfeifferhorn Drive, Alpine, Utah 84004. Colton is legally entitled to a portion of the proceeds derived from the production of oil, gas, and related hydrocarbons from numerous wells owned and operated by Carbon Creek in Wyoming, and is legally entitled to the receipt of timely payments from Carbon Creek associated with the production of oil, gas, and other hydrocarbons from such wells. (Ex. 1, October 26, 2020 Royalty Statement from Carbon Creek).

7. Carbon Creek is a Wyoming limited liability company, with its principal place of business located at 1662 S. Sheridan Ave., Sheridan, Wyoming 82801.

8. Carbon Creek owns and operates approximately 2,600 oil and gas wells in the State of Wyoming.

## JURISDICTION AND VENUE

9. The preceding allegations are fully incorporated by reference.

10. This Court has subject matter jurisdiction under 28 U.S.C. 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000, and because at least one member of the class is a citizen of a state different from the state of Wyoming, where Defendant Carbon Creek is deemed to be a citizen for purposes of claims asserted under the Class Action Fairness Act.

11. This Court has personal jurisdiction over Carbon Creek because a substantial portion of the acts and conduct of Carbon Creek giving rise to claims alleged in this class action occurred in this judicial district.

12. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial portion of the acts and conduct of Carbon Creek giving rise to the claims alleged in this class action complaint occurred in this judicial district.

## FACTUAL ALLEGATIONS

13. The preceding allegations are fully incorporated by reference.

14. The Wyoming Royalty Payment Act ("WRPA") imposes strict timeframes for the payment of oil and gas proceeds and provides in pertinent part:

> The **proceeds** derived from the sale of production from any well producing oil, gas or related hydrocarbons in the state of Wyoming **shall be paid** to all persons legally entitled thereto, except as hereinafter provided, commencing **not later than six (6) months after the first day of the month following the date of first sale and thereafter not later than sixty (60) days after the end of the calendar month within which subsequent production is sold** . . .

Wyo. Stat. Ann. § 30-5-301(a) (emphases added).

15. When an operator fails to meet these payment deadlines, the WRPA provides in pertinent part:

> **Any lessee or operator**, purchaser or other party **legally responsible for payment who violates the provisions of this article is liable** to the person or persons legally entitled to proceeds from production **for the unpaid amount or such proceeds, plus interest at the rate of eighteen percent (18%) per annum** on the unpaid principal balance from the due date specified in W.S. 30-5-301(a).

Wyo. Stat. Ann. § 30-5-303(a) (emphases added).

16.     Carbon Creek has consistently violated its statutory obligations under the above-referenced statutory provisions by making late payments to persons owning royalty or other interests located in Wyoming – i.e., payments made more than six months after the first day of the month following the date of Carbon Creek's first sale, or thereafter more than sixty days after the end of the calendar month within which the oil, gas, or other hydrocarbons have been produced by Carbon Creek from wells located in Wyoming in which the owners have an interest (hereafter, "late payments") – without paying the statutorily required eighteen percent per annum interest on such late payments to owners who have received late payments from Carbon Creek on oil, gas, or related hydrocarbons produced and sold by Carbon Creek from wells located in the State of Wyoming.

17.     Colton is legally entitled to the proceeds derived from the sale of the oil, gas, or related hydrocarbons produced from numerous Wyoming oil and gas wells that are operated by Carbon Creek, and has received royalty and other interest payments from Carbon Creek on the oil, gas, and related hydrocarbons produced and sold from such wells by Carbon Creek at various times between July 12, 2014 and the present.

18.     Carbon Creek has breached its statutory late payment interest obligations to Colton because Carbon Creek, on late payments which Carbon Creek has made to Colton, has failed to pay Colton the statutorily required eighteen percent per annum interest on all such late payments, including payments that have been made on oil, gas, or related hydrocarbon sale proceeds received by Carbon Creek which are not "first sales," and which have been made more than 60 days after the calendar month within which such production has been sold by Carbon Creek from Wyoming wells in which Colton is legally entitled to a portion of the proceeds from oil, gas, and other hydrocarbons produced and sold.

19. For example, for natural gas which Carbon Creek produced and sold from the T-Chair Fed 4376 3-12 Well, located in Campbell County, Wyoming, in July 2019, in which Colton owns an interest, and on which Carbon Creek has received payment from the purchaser of such production, and which was not a "first sale," Colton received a late payment from Carbon Creek on such production, because Colton did not receive payment on his share of the sale proceeds of such production until July 13, 2020. When Carbon Creek made its late payment to Colton for his share of such production and sale proceeds in July 2020, Carbon Creek did not pay Colton the statutorily required eighteen percent per annum interest set forth in Wyo. Stat. Ann. § 30-5-303. Nor has Carbon Creek made any such interest payment to Colton at any time since July 2020. (Ex. 1).

## CLASS ACTION ALLEGATIONS

20. The preceding allegations are fully incorporated by reference.

21. Colton brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class (the "Class"):

> All non-excluded persons or entities who are legally entitled to a share of proceeds received by Carbon Creek derived from the sale of production from any wells producing oil, gas, or related hydrocarbons in Wyoming who: (1) have received late payments from Carbon Creek at any time since July 12, 2014, on oil, gas, and related hydrocarbons produced and sold by Carbon Creek from Wyoming wells; and (2) have not received interest from Carbon Creek at the statutory rate of eighteen percent per annum on such late payments.
>
> Excluded from the Class are: (1) Carbon Creek, its affiliates, predecessors, employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America.

22. Upon information and belief, there are more than 2,600 members of the defined Class, and joinder of such persons in this class action is therefore impracticable.

23. The questions of fact and law common to the claims of the Class include:

   a. Whether Carbon Creek has made late payments to the members of the Class on Carbon Creek's production and sale of oil, gas, and related hydrocarbons from Wyoming wells in which the Class members own an interest, at any time since July 12, 2014;

   b. Whether, and to what extent, Carbon Creek has failed to pay the Class members the statutorily required eighteen percent per annum interest on late payments which Carbon Creek has made to such Class members; and

   c. Whether Carbon Creek's failure to pay eighteen percent interest to Colton and the Class on any late payments constitutes a violation of Wyo. Stat. Ann. § 30-5-303.

24. Colton's claims are typical of the Class members' claims because each Class member's claim against Carbon Creek is identical.

25. Colton will fairly and adequately protect the interests of the Class. Colton is represented by counsel who are skilled and experienced in natural gas royalty underpayment class action litigation, and Colton has no conflicts of interest with any other Class member.

26. The common factual issues and common questions of law in this class action predominate over any factual issues or questions of law affecting only individual members.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FIRST CLAIM FOR RELIEF**
**(Carbon Creek's Violation of §§ 301 - 303 of the WRPA)**

28. The preceding allegations are fully incorporated by reference.

29. Since July 12, 2014, Carbon Creek has made late payments to Colton and the other members of the Class, by making payments to the Class members which were either: (a) later than six months after the first day of the month following the date of Carbon Creek's first sale of oil, gas, or related hydrocarbons from a well in which a Class member owns an interest; and/or (b) for all oil, gas, or related hydrocarbons sales which were not Carbon Creek's first sales of oil, gas, or

related hydrocarbons from a well in which a Class member is legally entitled to their proportionate share of the proceeds, later than sixty days after the end of the calendar month within which payment was received by Carbon Creek on its sale of oil, gas, or related hydrocarbons produced by Carbon Creek from Wyoming wells in which one or more Class members own a royalty, overriding royalty, or working interest; and (c) with respect to such late payments made by Carbon Creek to the members of the defined Class, Carbon Creek has not paid the Class members eighteen percent per annum interest, as statutorily required under Wyo. Stat. Ann. § 30-5-303.

30. As a direct result of Carbon Creek's failure to pay Colton and the Class members eighteen percent per annum interest on the above-referenced late payments, Colton and the Class have sustained substantial damages.

31. Based upon Carbon Creek's failure to pay Colton and the Class members eighteen percent per annum interest on late payments, as required under Wyo. Stat. Ann. § 30-5-303(a), Colton and the Class are entitled to an award of attorney's fees from Carbon Creek, pursuant to Wyo. Stat. Ann. § 30-5-303(b).

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment)

35. The preceding allegations are fully incorporated by reference.

36. A controversy exists between Colton and the other members of the Class and Carbon Creek regarding Carbon Creek's obligation to pay the statutory interest on late payments pursuant to Wyo. Stat. Ann. § 30-5-303, on future late payments made by Carbon Creek after the date of final judgment in this case ("future late payments").

37. Colton requests that the Court enter a declaratory judgment declaring that on all future late payments to Colton and the Class members, Carbon Creek is required to pay Colton and the other Class members the statutorily required eighteen percent per annum interest.

## PRAYER FOR RELIEF

Wherefore, Colton prays for the following relief:

1.  An Order determining that the claims asserted by Colton on behalf of the defined Class should be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3), that Colton be appointed as the Class Representative for the defined Class, and that Colton's attorneys be appointed as Class Counsel for the defined Class;

2.  A judgment in favor of the defined Class against Carbon Creek for the full amount of unpaid eighteen percent per annum interest on late payments made by Carbon Creek to the Class members since July 12, 2014, plus any additional damages permitted under Wyoming substantive law;

3.  An award of attorney's fees to counsel for Colton and the other members of the defined Class, pursuant to Wyo. Stat. Ann. § 30-5-303(b);

4.  A declaratory judgment declaring that Carbon Creek is required by law to pay eighteen percent statutory interest on all future late payments to Colton and the defined Class; and

5.  Such costs and other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Colton and the proposed Class members demand a jury trial on all issues so triable.

By: /s/ *Kelly Shaw*_____
Kelly Shaw
Wyo. Bar No. 7-5624
Travis W. Koch
Wyo. Bar No. 7-5418
KOCH LAW, P.C.
121 W. Carlson St. Suite 3
Cheyenne, WY 82009
(307) 426-5010

9

kshaw@kochlawpc.com
tkoch@kochlawpc.com

-and-

George A. Barton (to be admitted PHV)
Seth K. Jones (to be admitted PHV)
BARTON AND BURROWS, LLC
5201 Johnson Drive, Ste. 110
Mission, KS 66205
(913) 563-6250
George@bartonburrows.com
Seth@bartonburrows.com

*Attorneys for Plaintiff Gregg B. Colton, on behalf of himself and the class of similarly situated persons*

10