## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

GREGG B. COLTON, on behalf of
himself and a class of similarly situated
persons,

         Plaintiff,

   v.

CARBON CREEK ENERGY, LLC,

       Defendant,

Case No. 2:22-CV-00150-ABJ

---

### NOTICE TO THE COURT OF DEFENDANT CARBON CREEK ENERGY, LLC FAILURE TO COMPLY WITH THE COURT'S SEPTEMBER 27, 2024 ORDER, (ECF NO. 77) AND MOTION FOR SANCTIONS

Plaintiff Greg B. Colton ("Plaintiff") herein provides notice to the Court that Defendant Carbon Creek Energy, LLC has refused to comply with any portion of the Court's Order Requiring Defendants Carbon Creek Energy, LLC to Obtain Substitute Counsel, Produce the Class Member List, and To Meet and Confer Regarding the Class Notice Plan. (ECF No. 77). Accordingly, Plaintiff provides the Court with a status of the litigation and seeks an order for sanctions against Defendant Carbon Creek Energy, LLC ("Carbon Creek") for refusing to comply with the Court's September 24, 2024 Order.

### No Conferral with Carbon Creek is Possible

Plaintiff acknowledges this Court's rule that counsel must confer with opposing counsel on all non-dispositive motions. However, under the circumstances conferral is not possible. This Court granted Carbon Creek's prior counsel's motion to withdraw. (ECF No. 76). Therefore, there is no counsel with whom Plaintiff's counsel can confer. Plaintiff's have not been provided contact information for Carbon Creek. Because substitute counsel has not entered an appearance, Carbon Creek will receive notice of this Motion through its prior counsel pursuant to the Court's

September 24, 2024 Order. (ECF No. 76).

### **Carbon Creek's Refusal to Comply With the Court's Order and Directives**

Consistent with the Court's Order, Carbon Creek was to: (1) retain substitute counsel who will formally enter his or her appearance in this matter on or before **Friday, October 25, 2024**; and (2) produce to Class Counsel a list identifying each class member by name and including each class member's address, phone number, and owner number by **Friday, November 8, 2024**. Carbon Creek's substituted counsel was also ordered to meet and confer with Class Counsel so that the parties can submit a proposed Notice Plan to the Court by **Monday, November 25, 2024**, so that the Plaintiff can properly inform the class members of the class action litigation and their rights as potential class members.

Carbon Creek has refused to comply with each and every directive set forth in the Court's September 24, 2024 Order. Thus, Plaintiffs seek an Order finding Carbon Creek's lack of response warrants Rule 37 sanctions.

### **Plaintiff's Motion for Rule 37 Sanctions**

Plaintiff filed his Class Action Complaint against Carbon Creek on July 12, 2022. (ECF No. 1). After more than a year of hard-fought litigation, on September 9, 2023, Plaintiff filed his Motion for Class Certification and Brief in Support wherein Plaintiff sought to certify a Rule 23(b)(3) Class. (ECF Nos. 46-47). On October 6, 2023, not only did Carbon Creek file its opposition to Plaintiff's motion for class certification, but Carbon Creek also filed a Motion in Limine to Exclude the Opinion of Royce Porter, Plaintiff's accounting expert. (ECF Nos. 50-52). The briefing on Plaintiff's Motion for Class Certification and Carbon Creek's Motion to Exclude were completed on November 21, 2023. On August 15, 2024, the Court issued its Order Granting Plaintiff's Motion for Class Certification (the "Class Certification Order") (ECF No. 70), wherein

the Court defined the certified Class as follows:

> All persons, including individuals, estates, trusts, corporations, partnerships, and other business entities, entitled to a share of proceeds received by Carbon Creek derived from the sale or production from any wells producing oil, gas, or related hydrocarbons in Wyoming during the Class Period, for the aggregate of up to twelve (12) months accumulation of proceeds if the total amount owed is one hundred dollars ($100.00) or less, beginning on July 12, 2014, who (1) have received late payments from Carbon Creek; and (2) have not receive interest from Carbon Creek at the statutory rate of eighteen percent per annum on such late payments. This Class excludes any persons who:
> i. is a Defendant;
> ii. Is an officer, director, or employee of a Defendant;
> iii. Is an entity in which Defendant has a controlling interest or is an affiliate;
> iv. Is an agency, department, or instrumentality of the United States of America
> v. Has given a valid release concerning the claims asserted in this lawsuit;

(ECF No. 70-1). Through his class certification briefing, Plaintiff identified more than 2,300 putative Class members. (ECF No. 47). After numerous attempts to confer with Carbon Creek and its counsel related to the class certification notice plan failed, Plaintiff filed his Notice of Attempts to Confer Consistent with the Court's Class Certification Order and Request for a Hearing. (ECF No. 73).

The Court set this matter for a hearing to address Carbon Creek's counsels' motion to withdraw and to address the Court's directives as set forth in its Class Certification Order. The hearing before the Honorable District Court Judge Johnson was held on September 24, 2024. As addressed by the Court and the Parties during the Court's hearing on Carbon Creek's counsel's motion to withdraw, the next step in this class action litigation is for the putative Class members to receive a notice of the Court's order certifying this matter as a class action. In order to properly provide the Class with the notice of class certification, Plaintiff reasonable sought the production of the names and addresses from Carbon Creek in order to prepare a notice plan for approval by

the Court. The Court agreed and ordered that Carbon Creek was to produce to Class Counsel a list identifying each class member by name and including each class member's address, phone number, and owner number by **Friday, November 8, 2024.**

Carbon Creek's refusal to comply with the Court's Order requires that the Plaintiff retain third party contractors and a third-party address service from which Plaintiff can obtain the more than 2,300 Class members' current mailing addresses in order to provide them notice of the Class Certification Order. Plaintiff estimates that searching for a obtaining the current address for each of the more than 2,300 Class members will take more than 200 contractor hours and more than $1,500 in service fees. These fees and expenses will be incurred even though Carbon Creek has easy access to this information, but has simply refused to produce the same to the Plaintiff, even in light of the Court's Order regarding the same. Accordingly, Plaintiff seeks an order from this Court for discovery sanctions in the amount of $25,000.

The laws in the discovery rules and in this circuit are clear: Rule 37 provides for a variety of remedies for a party's failure to comply with a court's order. *See generally* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Where there is extreme discovery abuse along with other misconduct the court may enter a default judgment as a sanction. *CGC Holding Co. LLC v. Hutchens,* No. 11-cv-01012-RBJ-KLM, 2016 WL 1238149, at *18 (D. Colo. Mar. 30, 2016), *citing, e.g., Klein v. Harper,* 777 F.3d 1144 (10th Cir. 2015) (entering default judgment against pro se defendant who failed to appear, filed frivolous pleadings, failed to pay sanctions and *failed to respond to discovery requests*); *M.E.N. Co. v. Control Fluidics, Inc.,* 834 F.2d 869 (10th Cir. 1987) (entering default judgment against parties who failed to respond to discovery requests or attend deposition after warning); *Boxer F2, L.P. v. Bronchick,* 722 F. App'x 791, 795 (10th Cir. 2018) (finding that the district court did not err in upholding Rule 37(b)(2)(A)(i) sanctions order against party that clearly

"frustrated [the other party's] preparation for trial"); *US Commodity Futures Trading Comm'n v. R2 Capital Grp., LLC*, No. 14-cv-02182-MSK-KLM, 2017 WL 4350364, at *3 (D. Colo. Jan. 11, 2017) (granting Rule 37(b)(2)(A)(i)-(iii) sanctions because the defendant "failed to participate in the discovery process" and failed to obey court orders amounting to repeated inaction that resulted in prejudice to the plaintiff in the form if delay and its inability to prepare its case, and substantial interference with the judicial process.") Because the Plaintiff has spent and will spend time and money pursuing this matter due to Carbon Creek's failure to comply with the Court's Order and deadlines, unless the failure to comply is substantially justified, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by such failure. *Kosmicki Investment Services, LLC, v. Duran*, No. 21-cv-03488-DDD-SBP, 2024 WL 2134262 at * 7 (D. Colo. May 13, 2024) (court found defendant and his counsel were jointly and severally liable for expenses incurred by the plaintiff).

It is apparent from the record here that Carbon Creek has shown a complete disregard for the authority of this Court and judicial system. Carbon Creek's refusal to engage counsel to appear on its behalf is not an excuse for it to completely disregard this Court's authority, which has brought this class action litigation to a screeching halt. Although Plaintiff considers default judgment to be an appropriate remedy here, consistent with Fed. R. Civ. P. 23(b), Plaintiff believes the first thing to be properly addressed is the Plaintiff's ability to provide proper notice to the Class of the Class Certification Order. For any class certified under Rule 23(b)(3), the Court must direct to Class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The Rule 23 class certification notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or

defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B). Rule 23(c) and the Due Process Clause of the United States Constitution guarantees unnamed class members the right to notice of class certification or settlement. *See* U.S. Const., amend. V; *Dejulius v. New England Health Care Employees Pension Fund,* 429 F.3d 935, 943–44 (10th Cir.2005). This due process right does not require actual notice to each party intended to be bound by adjudication of a class action. *See DeJulius,* 429 F.3d at 944.

Once the Plaintiff has been able to properly ascertain the mailing address for each Class member, Plaintiff will be in a position to submit a proposed notice plan to the Court for approval and move this litigation forward towards its ultimate resolution. In order to prepare a notice plan for the Court's approval, Plaintiff first needs to compile the list of Class members and their current addresses. Because Carbon Creek has refused to produce the updated list of Class members with their current addresses, even though Carbon Creek has access to that information in electronic format, Plaintiff is forced to retain contractors and an address verification service to arrive at such information. Carbon Creek should be held responsible for those expenses and the fees incurred in obtaining this subsequent sanction order.

## **<u>CONCLUSION</u>**

In its September 27, 2024 Order, the Court warned Carbon Creek that its "failure to comply with any portion of this Order, in the absence of good cause, will have significant consequences." (ECF No. 76, p. 2).  Carbon Creek has chosen to ignore this warning and must now face the consequences.

For the foregoing reasons and consistent with the Court's September 24, 2024 Order and Rule 37(b)(2)(A), Plaintiff seeks an Order from this Court directing Carbon Creek: (1) to pay sanctions in the amount of $25,000 to Class Counsel within 10 days of the Court's order, which will allow the Plaintiff to ascertain the Class members' current addresses and submit a proposed notice plan for the Court's consideration and approval; and (2) to pay the reasonable attorneys' fees and costs incurred by Plaintiff in submitting his present motion to for sanctions related directly to the directives set forth in the Court's September 24, 2024 Order.

Respectfully submitted: December 3, 2024

By: */s/ Stacy A. Burrows*
George A. Barton (admitted PHV)
Stacy A. Burrows (Admitted PHV
Seth K. Jones (admitted PHV)
BARTON AND BURROWS, LLC
5201 Johnson Drive, Ste. 110
Mission, KS 66205
(913) 563-6250
George@bartonburrows.com
Stacy@bartonburrows.com
Seth@bartonburrows.com

-and-

Kelly Shaw
Wyo. Bar No. 7-5624
Travis W. Koch
Wyo. Bar No. 7-5418
KOCH LAW. P.C.
121 W. Carlson St. Suite 3
Cheyenne, WY 82009
(307) 426-5010
kshaw@kochlawpc.com
tkoch@kochlawpc.com

*Attorneys for Plaintiff Gregg B. Colton, on behalf of himself and the Class of similarly situated persons*